## McClure v. McClintock, et al.

(Decided November 26, 1912.)

### Appeal from Bourbon Circuit Court.

Opinion—Motion to Correct.—The motion of the bonding company and Satterwhite and Underhill that the opinion (see 150 Ky., 265), be so corrected as to be affirmed as to them, ordinarily might be granted, but it seems they aided McClintock in every way they could to avoid the pertinent facts from being produced as evidence. If nothing develops upon another trial, however, to implicate them as charged in the petition, the lower court should give a peremptory instruction in their behalf; otherwise, the case should be submitted to the jury.

TALBOTT & WHITLEY, E. M. DICKSON for appellant.

E. P. HUMPHREY, FIELD McLEOD and DENIS DUNDON for appellees.

RESPONSE TO MOTION TO CORRECT OPINION, BY JUDGE NUNN.

Appellees the bonding company and Satterwhite and Underhill move that the opinion be corrected in this: that instead of reversing the case as to all the appellees it be affirmed as to them and reversed as to McClintock only, for the reason that it is stated in the opinion that there was no evidence connecting them with McClintock in the conspiracy or showing them guilty of any wrong in regard to the matter.

This matter was considered by the court before the opinion was prepared. Ordinarily the correction asked for would be granted, but, as stated in the opinion, it appears in the record that appellees, although they had the correspondence refused to produce or relate the contents of it until ordered by the court and in the meantime had placed it where it could not or was not produced. It seems to the court that they aided McClintock in every way they could to avoid the pertinent facts

from being produced as evidence. In view of these facts the court concluded that they should undergo another trial and if nothing developed to implicate them as charged in the petition, then the lower court should give a peremptory instruction in their behalf, but if the developments do implicate them as charged in the petition, then the case should be submitted to the jury.

The motion is overruled.